IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **CHRISTOPHER HARRIS,** § | | |
| Plaintiff, § | | **CIVIL ACTION NO.** |
| § | | |
| § | | |
| **VS.** § | | _____ |
| § | | |
| § | | |
| § | | |
| **THE UNITED STATES OF AMERICA,** § | | |
| Defendant. § | | |

## PLAINTIFF'S ORIGINAL COMPLAINT

NOW COMES, CHRISTOPHER HARRIS, Plaintiff, and files this his Original Complaint against THE UNITED STATES OF AMERICA, Defendant, and for cause of action would respectfully show the Court the following:

### NATURE OF THE CASE

1. This action arises as a result of a motor vehicle accident which injured CHRISTOPHER HARRIS on or about September 26, 2018.

### PARTIES

2. Plaintiff, CHRISTOPHER HARRIS ("Plaintiff"), is an individual residing in Houston, Harris County Texas, and thus is a resident of the Southern District of Texas.

3. Defendant, THE UNITED STATES OF AMERICA ("Defendant" or "THE UNITED STATES OF AMERICA"), may be served with process in accordance with Rule 4(i) of the Federal Rules of Civil Procedure by serving a copy of the Summons and Complaint on Jennifer Lowery, the United States Attorney for the Southern District of Texas, by certified mail, return receipt requested, at her office at 1000 Louisiana, Suite 2300, Houston, Texas 77002.

Service is also affected by serving a copy of the Summons and Complaint on Merrick Garland, Attorney General of the United States, by certified mail, return receipt requested, at: Merrick Garland, The Attorney General's Office, ATTN: Civil-Process Clerk, U.S. Department of Justice, 950 Pennsylvania Avenue, NW, Washington, DC 20530-0001.

## JURISDICTION AND VENUE

4. The Court has jurisdiction over this lawsuit because this action arises under the Federal Tort Claims Act, 28 U.S.C. §2671, *et seq*. and 28 U.S.C. §1346(b). The claims herein are brought against THE UNITED STATES OF AMERICA for money damages as compensation for loss of property and personal injuries that were caused by the negligence and wrongful acts and omissions of employees of THE UNITED STATES OF AMERICA while acting within the course and scope of their offices and employment, under circumstances where THE UNITED STATES OF AMERICA, if a private person, would be liable to Plaintiff in accordance with the law of the State of Texas.

5. Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b)(2) in that all, or a substantial part, of the acts and omissions forming the basis of this suit occurred in Harris County, Texas, which is within the Southern District of Texas.

## CONDITIONS PRECEDENT

6. Plaintiff has fully complied with the provisions of 28 U.S.C. §2675 of the Federal Tort Claims Act.

7. This suit has been timely filed, in that Plaintiff timely served notice of the claims on the appropriate federal agency.

8. The appropriate federal agency failed to make a final disposition of Plaintiff's claims within six months after Plaintiff's claims were filed, and such failure is deemed by Plaintiff to be a final denial pursuant to 28 U.S.C. §2675.

## FACTUAL BACKGROUND

9. On September 26, 2018, at approximately 7:00 p.m., Plaintiff was operating a motor vehicle, traveling eastbound through the intersection of Nitida and Prudence in Houston, Harris County, Texas. The United States Postal Service's employee, Idi Rashidi, while driving a motor vehicle owned by the United States Postal Service, was traveling northbound at the intersection of Nitida and Prudence. Idi Rashidi failed to keep a proper lookout, failed to yield the right of way, failed to take prudent evasive action, failed to safely apply his brakes, and ran a stop sign, causing his vehicle to collide with Plaintiff's, subjecting Plaintiff to tremendous force.

10. At the time of the occurrence, Idi Rashidi was acting within the course and scope of his employment with the United States Postal Service.

## COUNT 1 - NEGLIGENCE

11. Plaintiff adopts the allegations of the above-numbered paragraphs and incorporates same as if set forth fully herein.

12. The Federal Tort Claims Act ("FTCA") is the sole remedy of claims of personal injuries or property damage to property "arising or resulting from the negligence or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. 2679(b)(1).

13. At the time of and immediately before the occurrence in question and at all times relevant hereto, United States Postal Service employee Idi Rashidi was negligent in various acts

and omissions, which negligence was the proximate cause of the accident described herein which includes, but is not limited to, the following:

1. Violating Section 545.153 of Vernon's Texas Statutes and Codes Annotated, Transportation Code, which reads in pertinent part:

   Unless directed to proceed by a police officer or official traffic-control device, an operator approaching an intersection on a roadway controlled by a stop sign, after stopping as required by Section 544.010, shall yield the right-of-way to a vehicle that has entered the intersection from another highway or that is approaching so closely as to be an immediate hazard to the operator's movement in or across the intersection.

2. Failing to keep a proper lookout;
3. Failing to yield the right of way;
4. Failing to take prudent evasive action; and
5. Failing to safely apply his brakes.

Each of the foregoing acts of negligence was the proximate cause of the collision in question and the injuries and damages of Plaintiff.

14. Defendant, THE UNITED STATES OF AMERICA, is liable for the damages proximately caused to Plaintiff by the conduct of United States Postal Service employee Idi Rashidi because the United States Postal Service was the employer of Idi Rashidi on the date that Idi Rashidi negligently injured Plaintiff and the minor children as alleged above, and Idi Rashidi was acting within the course and scope of that employment when the injuries occurred or the United States Postal Service had the right to control the activities of Idi Rashidi.

## DAMAGES TO PLAINTIFF

15. Plaintiff adopts the allegations of the above-numbered paragraphs and incorporates same as if set forth fully herein.

16. As a direct and proximate result of the occurrence made the basis of this lawsuit, and Idi Rashidi's acts as described herein, Plaintiff suffered and endured anxiety, pain, and illness. Consequently, Plaintiff is entitled to the following items of damages:

   A. Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff for the necessary care and treatment of the injuries resulting from the accident;

   B. Reasonable and necessary medical care and expenses which, in reasonable probability, will be incurred in the future;

   C. Physical pain and suffering in the past;

   D. Physical pain and suffering which, in reasonable probability, will be suffered in the future;

   E. Mental anguish in the past;

   F. Mental anguish which, in reasonable probability, will be suffered in the future;

   G. Physical impairment in the past;

   H. Physical impairment which, in reasonable probability, will be suffered in the future;

   I. Physical disfigurement in the past;

   J. Physical disfigurement which, in reasonable probability, will be suffered in the future;

   K. Loss of earnings in the past; and

   L. Loss of earning capacity which, in reasonable probability, will be incurred in the future.

PROPERTY DAMAGE

17. Plaintiff adopts the allegations of the above-numbered paragraphs and incorporates same as if set forth fully herein.

18. Plaintiff has also suffered damages to his 2013 Chevrolet Impala as a result of this accident and United States Postal Service employee Idi Rashidi's negligence, and

Plaintiff should be reimbursed for those damages as well as for the loss of use of his motor vehicle, along with any other property damage sustained in the accident.

19. Plaintiff believes that when the totality of his damages are considered, it is possible that a fact finder may ultimately decide that Plaintiff's damages amount to a sum not in excess of eighty thousand dollars ($80,000.00). Plaintiff therefore sues for a sum of eighty thousand dollars.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests Defendant be cited to appear and answer herein and that, upon final trial, Plaintiff recover the following:

  A. Actual damages;

  B. Post-judgment interest as allowed by law;

  C. Court costs, fees and other expenses; and

  D. Other and further relief to which Plaintiff may be entitled.

Respectfully Submitted,

**GLAZE | GARRETT**

_/s/ Jordan A. Glaze_
_____
**Jordan A. Glaze**
Texas Bar No. 24059826
**Josh Garrett**
Texas Bar No. 24067616
1026 Titus Street
P.O. Box 1599
Gilmer, Texas 75644
T: 903-843-2323/ F: 888-511-1225
j.glaze@glazegarrett.com
**ATTORNEYS FOR PLAINTIFF**